IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT WHALEN and LINDA WHALEN,

    Plaintiffs,

  v.

GENERAL ELECTRIC CORPORATION, *et al.*,

    Defendants.

No. C 14-00436 WHA

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE**

## INTRODUCTION

In this asbestos products-liability action, one of many defendants moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and moves to strike portions of the complaint pursuant to Rule 12(f). For the following reasons, the motion to dismiss is **DENIED** and the motion to strike is **DENIED AS MOOT**.

## STATEMENT

The facts as alleged in the complaint are as follows: plaintiffs are husband and wife, Robert and Linda Whalen. Robert Whalen worked as a nuclear inspector for the United States Navy between the years of 1964 and 1990, discontinuously. During that time, plaintiff was allegedly exposed to asbestos on various United States Navy ships and shipyards. He was diagnosed with mesothelioma in December 2013 (Compl. ¶¶ 17–18).

Plaintiffs filed this personal injury action on January 29, 2014, seeking to recover from various defendants allegedly responsible for plaintiff's exposure to asbestos. Plaintiffs assert

three claims for relief based on (1) strict products liability, (2) negligence, and (3) loss of consortium (*id*. at ¶¶ 3, 9, 13). Defendants are nine corporations and dozens of their alternate entities (*id*. at ¶¶ 5–6).

On February 24, 2014, defendant General Dynamics filed the instant motion to dismiss pursuant to Rule 12(b)(6) and to strike pursuant to Rule 12(f) (Dkt. No. 11). This order follows full briefing and oral argument.

**ANALYSIS**

**1.   MOTION TO DISMISS.**

Defendant moves to dismiss plaintiffs' strict products liability claim on two grounds: (1) plaintiffs' complaint allegedly, "contains no facts to establish any specific ship or vessel" that was allegedly manufactured by General Dynamics; and (2) a Navy ship "is not a 'product' for purposes of strict product liability" (Br. 2–3).

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a motion to dismiss under Rule 12(b)(6), the Court takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

**A.   Sufficient Factual Allegations.**

General Dynamics argues that the complaint contains merely factual generalizations and legal conclusions and therefore must be dismissed. Not so. While the complaint does not specify exactly what ships defendants allegedly "manufactured, modified, serviced and/or repaired," it does specify the location and dates at which the exposure allegedly occurred (Compl. ¶ 17–18). To require plaintiffs to know exactly which vessels defendants worked on or which vessels led to plaintiff's asbestos exposure is to ask too much at this stage in the litigation. These facts will

1  most likely be found in defendants' own records and plaintiffs are not required to plead them with
2  such specificity.  Accordingly, the complaint will not be dismissed for failure to plead sufficient
3  factual allegations.

### B. Navy Ship As a "Product."

District courts presiding over naval asbestos lawsuits have held that maritime law applies. *Cabasug v. Crane Co.*, 956 F. Supp. 2d 1178, 1181 (D. Haw. 2013).  Defendant also asserts that maritime law applies, though plaintiffs make no argument one way or the other.  The authority on this subject is persuasive and this order adopts the reasoning that maritime law applies in the current matter.

For defendants to be liable under maritime law for injuries caused by asbestos, whether it is strict liability or negligence, plaintiffs must establish causation with respect to each defendant. Plaintiffs establish causation under maritime law by showing:  (1) claimant was exposed to defendants' products; and (2) the products were a substantial factor in causing the alleged injury.

General Dynamics argues that plaintiffs' second claim for relief must be dismissed because a Navy ship is not a "product" for purposes of strict product liability (Br. 5).  For this proposition, defendant cites the only federal decision on point, *Mack v. Gen. Elec. Co.*, 896 F. Supp. 2d 333, 335 (E.D. Pa. 2012).  The *Mack* decision was authored by Judge Eduardo Robreno, who also manages the massive multi-district litigation of over 10,000 asbestos claims. Looking at the purpose of maritime law and the policy underlying strict liability, Judge Robreno reasoned that imposing potential liability for each of the thousands of products assembled in a Navy ship pursuant to Navy specifications, would unduly burden shipbuilders, and likely discourage the activity of shipbuilding.  *Id*. at 345–46.  Moreover, Judge Robreno recognized that the entity most knowledgeable about, and most in control of, a given product is the manufacturer of that product, as opposed to the shipbuilder.  *Ibid*.  Judge Robreno reasoned that the role of the builder of Navy ships was more akin to that of a service provider (*i.e.*, assembly of an assortment of products) than a manufacturer or supplier of a product.  *Ibid*. (*citing* 63 Am. Jur. 2d Products Liability Section 617 for the proposition that strict tort liability does not apply to defective services).

While the logic in *Mack* is sound, it is less certain whether it applies to General Dynamics in this action. After considering the policy objectives of both maritime commerce and those underlying strict products liability, Judge Robreno stated:

> as between shipbuilders and the manufacturers of the various products assembled to complete a ship, *the entities best able* to protect sea-bound workers and *to bear the burden of preventing harm to those workers* (with the least discouragement of participation in maritime commerce by those entities most crucial to it) *are the manufacturers* of the various products aboard the ship.

*Id*. at 345 (emphasis added).

Here, the complaint alleges that plaintiffs' claims arise out of repeated exposure to asbestos-containing products "*manufactured*, distributed, and/or sold by defendants" (Compl. ¶ 4) (emphasis added). The complaint specifically alleges that "LOCKHEED SHIPBUILDING COMPANY and GENERAL DYNAMICS CORPORATION, *manufactured*, modified, serviced and/or repaired asbestos-containing ships and vessels" for the United States Navy (Compl. ¶ 12) (emphasis added).

At the motion to dismiss stage, the well-pled allegations in the complaint must be taken as true. Plaintiffs contend that defendants were more than mere shipbuilders or service providers, but rather the designers and manufacturers of the products containing asbestos. Accordingly, this order should not be read as to disagree with *Mack*, but rather to leave open the possibility that the actions are distinguishable. Even *Mack* was decided as a motion for summary judgment rather than at the motion to dismiss stage. This order recognizes, however, that by the time of trial (or summary judgment), the evidence may (or may not) show convincingly that defendants are similarly situated to those in *Mack* and that this action has been manufactured out of clever pleading. For now, plaintiffs have pled enough to stay in court. Accordingly, defendant General Dynamics' motion to dismiss is **DENIED**.

### 2. MOTION TO STRIKE.

Defendant General Dynamics also moves to strike plaintiffs' prayer for punitive damages pursuant to Rule 12(f). Defendant argues that plaintiffs':

4

> have alleged *no facts* — only legal conclusions — to indicate how, when, or why defendants in general, and General Dynamics in particular, would have or should have known about dangers inherent in Mr. Whalen's work with or around asbestos-containing products.  The mere allegation that any product attributable to General Dynamics contained asbestos is not, of itself, sufficient to prove Plaintiffs' entitlement to punitive damages.  Rather, Plaintiffs must allege specific facts showing that General Dynamics' conduct went above and beyond the actions of others in its field, and that its actions had some particular effect on Mr. Whalen himself.

(Br. 8) (emphasis in original).

Plaintiffs, however, do not assert a claim for punitive damages against General Dynamics, only against defendant Crane Co. (Compl. 14).  Accordingly, General Dynamics' motion to strike is **DENIED AS MOOT**.

## CONCLUSION

For the reasons stated above, defendant General Dynamics' motion to dismiss is **DENIED**.  Defendant General Dynamics' motion to strike is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated:  April 3, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE